IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          **INDICTMENT**

EDWARD SCOTT MORRISON                          *3:26cr 111-mcr*

_____/

THE GRAND JURY CHARGES:

### COUNTS ONE THROUGH FORTY-ONE

### A. INTRODUCTION

At all times material to this Indictment:

1.      Oxycodone was a Schedule II controlled substance and marketed commonly as OxyContin, Roxicodone, and Percocet.

2.      Hydrocodone was a Schedule II controlled substance and marketed commonly as Lortab and Norco.

3.      Amphetamine was a Schedule II controlled substance and marketed commonly as Adderall and Dexedrine.

4.      Lisdexamfetamine was a Schedule II controlled substance and marketed commonly as Vyvanse.

Returned in open court pursuant to Rule 6(f)

_____
Date  6/16/2026

_____
United States Magistrate Judge

FILED USDC FLND PN
JUN 16 '26 PM6:54

5.    Methylphenidate was a Schedule II controlled substance and marketed commonly as Ritalin.

6.    Testosterone was a Schedule III controlled substance.

7.    Alprazolam was a Schedule IV controlled substance and marketed commonly as Xanax.

8.    Diazepam was a Schedule IV controlled substance and marketed commonly as Valium.

9.    Lorazepam was a Schedule IV controlled substance and marketed commonly as Ativan.

10.    Zolpidem was a Schedule IV controlled substance and marketed commonly as Ambien.

11.    Tramadol was a Schedule IV controlled substance and marketed commonly as Ultram.

12.    Defendant **EDWARD SCOTT MORRISON ("MORRISON")** was a physician licensed to practice medicine in the State of Florida. **MORRISON** worked as a contract physician at multiple medical facilities in and around Escambia County, Florida, including hospital emergency departments, an in-house medical clinic for a large business, and outpatient medical offices.

13.    **MORRISON** was required to follow state rules and regulations in order to obtain and maintain his Florida medical license, including state standards

2

of practice for the prescribing of controlled substances. **MORRISON** was also registered and authorized by the United States Drug Enforcement Administration ("DEA") to prescribe controlled substances to patients so long as the prescription was issued for a legitimate medical purpose in the usual course of professional practice and met regulatory requirements imposed by the DEA and the State of Florida. **MORRISON** was assigned a DEA registration number, which was required to be on any prescription he issued and signed.

14.   Contrary to law and outside the usual course of professional practice, **MORRISON** wrote, signed, and distributed controlled substance prescriptions for oxycodone, hydrocodone, amphetamine, lisdexamfetamine, methylphenidate, testosterone, alprazolam, diazepam, zolpidem, lorazepam, and tramadol to individuals. **MORRISON** did so without determining whether there was a legitimate medical purpose for the medication, without conducting physical examinations, without reviewing and assessing all available historical medical and prescribing records, and without creating and maintaining any records of encounters with those individuals. **MORRISON** further issued controlled substance prescriptions to individuals simply upon their request or the request of a third party for the type and dosage or quantity desired. **MORRISON** also interchangeably used prescription pads provided by medical facilities for which he worked and prescription pads simply bearing his name and home address to

3

prescribe controlled substances, even though the recipient was not a patient of, nor actually seen at, the location listed on the prescription.

15. By this conduct, between approximately 2020 and 2025, **MORRISON** illegally prescribed and caused to be dispensed at least 25,500 controlled substance pills without legitimate medical purpose outside the usual course of professional practice, including over 22,000 opioid pills and over 3,000 stimulant pills.

## B. THE CHARGE

On or about or between on or about the dates listed below, in the Northern District of Florida, the defendant,

## EDWARD SCOTT MORRISON,

did knowingly and intentionally distribute, dispense, and cause to be dispensed, a controlled substance in an unauthorized manner, as identified below:

| COUNT | DATE(S) | PRESCRIBED RECIPIENT(S) | CONTROLLED SUBSTANCE(S) |
|---|---|---|---|
| 1 | June 11, 2021, to July 16, 2021 | J.C.1 | Hydrocodone |
| 2 | July 6, 2021, to July 25, 2021 | T.B.; D.K.; S.K. | Oxycodone |
| 3 | September 22, 2022, to October 6, 2022 | T.B.; D.K.; S.K. | Oxycodone |
| 4 | October 3, 2022 | J.C.1; L.C.; J.C.2 | Hydrocodone |
| 5 | November 15, 2022 | J.C.1; L.C.; J.C.2 | Oxycodone; hydrocodone |
| 6 | January 16, 2023, to January 24, 2023 | T.B. | Oxycodone |

| COUNT | DATE(S) | PRESCRIBED RECIPIENT(S) | CONTROLLED SUBSTANCE(S) |
|---|---|---|---|
| 7 | January 17, 2023, to February 15, 2023 | D.K. | Oxycodone |
| 8 | February 9, 2023, to February 10, 2023 | S.K. | Oxycodone |
| 9 | September 2, 2023, to September 26, 2023 | T.B.; D.K.; S.K. | Oxycodone |
| 10 | September 12, 2023 | D.K. | Oxycodone |
| 11 | December 4, 2023, to December 7, 2023 | J.C.1; L.C.; J.C.2 | Oxycodone; diazepam |
| 12 | February 28, 2024, to March 17, 2024 | T.B. | Oxycodone |
| 13 | March 30, 2024, to April 8, 2024 | T.B.; D.K.; S.K. | Oxycodone; testosterone |
| 14 | June 26, 2024, to June 28, 2024 | J.C.1; L.C.; J.C.2 | Oxycodone; alprazolam |
| 15 | July 29, 2024, to August 19, 2024 | G.H. | Amphetamine; hydrocodone |
| 16 | August 31, 2024 | J.C.1; L.C.; J.C.2; J.C.3 | Oxycodone; hydrocodone |
| 17 | September 28, 2024 | J.C.1; L.C.; J.C.2; J.C.3 | Oxycodone; hydrocodone |
| 18 | October 30, 2024 | J.C.1; L.C.; J.C.2; J.C.3 | Oxycodone; hydrocodone |
| 19 | January 2, 2025, to January 27, 2025 | M.A. | Lisdexamfetamine |
| 20 | January 16, 2025, to January 17, 2025 | S.S. | Amphetamine |
| 21 | January 26, 2025, to January 29, 2025 | M.B. | Amphetamine |
| 22 | February 24, 2025, to February 28, 2025 | M.B. | Amphetamine |
| 23 | February 28, 2025, to March 3, 2025 | A.A. | Amphetamine |
| 24 | March 2, 2025, to July 23, 2025 | T.B.; D.K.; S.K. | Oxycodone; testosterone |

| COUNT | DATE(S) | PRESCRIBED RECIPIENT(S) | CONTROLLED SUBSTANCE(S) |
|---|---|---|---|
| 25 | March 8, 2025, to March 10, 2025 | S.S. | Amphetamine |
| 26 | March 25, 2025, to March 26, 2025 | G.H. | Amphetamine |
| 27 | March 30, 2025, to April 2, 2025 | M.A., M.B. | Amphetamine |
| 28 | April 1, 2025, to April 15, 2025 | D.T. | Amphetamine; hydrocodone |
| 29 | April 3, 2025, to April 4, 2025 | A.A. | Amphetamine |
| 30 | April 12, 2025, to April 13, 2025 | A.H. | Amphetamine; hydrocodone |
| 31 | May 3, 2025, to May 4, 2025 | S.S. | Amphetamine |
| 32 | May 3, 2025, to May 21, 2025 | M.A. | Amphetamine |
| 33 | May 4, 2025, to May 6, 2025 | A.A. | Amphetamine |
| 34 | May 15, 2025, to May 17, 2025 | M.B. | Amphetamine |
| 35 | June 7, 2025, to June 25, 2025 | M.A., M.B. | Amphetamine |
| 36 | June 14, 2025, to June 17, 2025 | A.A. | Methylphenidate |
| 37 | July 19, 2025, to July 20, 2025 | A.A. | Amphetamine |
| 38 | July 26, 2025, to July 27, 2025 | S.S. | Amphetamine |
| 39 | August 19, 2025, to September 12, 2025 | T.B.; D.K.; S.K. | Oxycodone |
| 40 | September 17, 2025, to September 23, 2025 | D.K.; S.K. | Oxycodone |
| 41 | November 11, 2025, to December 11, 2025 | T.B.; D.K. | Oxycodone |

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), and 841(b)(2),

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Forty-One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From his engagement in the violations alleged in Counts One through Forty-One punishable by imprisonment for more than one year, the defendant,

## EDWARD SCOTT MORRISON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of his interest in:

A.     Property constituting or derived from any proceeds the defendant obtained directly or indirectly as the result of such violations.

B.     Property used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

i.     cannot be located upon the exercise of due diligence;

ii.     has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of this Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

████████████████████

FOREPERSON

_6/16/2026_
DATE

JOHN P. HEEKIN
United States Attorney

ALICIA H. FORBES
Assistant United States Attorney

8